IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NICOLE PONKO, individually and
on behalf of ZACHARY FOSTER,
a minor,

   Plaintiffs,

v.              Civil Action No. 5:07CV64
                       (STAMP)
FRED KAMINSKY,

   Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO REMAND**

I. Procedural History

  The above-styled civil action arises out of a motor vehicle accident that occurred on March 28, 2005 between plaintiff, Zachary Foster, and the defendant, Fred Kaminsky. On March 26, 2007, the plaintiffs filed a complaint in the Circuit Court of Ohio County, West Virginia alleging that the defendant negligently caused the accident and that the plaintiffs suffered resulting physical, emotional, and economic injuries. Thereafter, the defendant removed the action to this Court. The plaintiffs filed a motion to remand to which the defendant responded. The plaintiffs did not file a reply. This Court has considered the motion to remand and the response thereto and concludes, for the reasons stated below, that the plaintiffs' motion to remand must be granted.

## II. Facts

The plaintiffs allege that on March 28, 2005, on Interstate 70 in Ohio County, West Virginia, the defendant negligently drove his motor vehicle into the vehicle being driven by James L. Flowers which caused a chain reaction of accidents. As alleged in the complaint, after the defendant's vehicle struck Mr. Flowers' vehicle, Mr Flowers' vehicle crashed into the rear of a vehicle driven by Letty M. Coast, who then crashed her vehicle into a vehicle driven by Amanda DiBacco, who then crashed her vehicle into the vehicle driven by Shauna Foster, in which plaintiff Zachary Foster was a passenger. The plaintiffs assert that the defendant was negligent by following too closely, failing to keep a proper lookout, failing to maintain control, and leaving the scene of the accident. The plaintiffs claim that as a direct and proximate result of the defendant's alleged negligence, plaintiff Zachary Foster has suffered physical and emotional injuries. Additionally, Zachary Foster's mother, plaintiff Nicole Ponko, alleges that she has incurred medical bills for the treatment of her son's injuries, has suffered loss of her son's household services and companionship, and has suffered a loss of wages as a result of caring for her son's injuries. As relief, the plaintiffs seek compensation for their alleged losses, along with interest, costs and attorney's fees incurred in the prosecution of this action.

III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

IV. Discussion

In their motion to remand, the plaintiffs do not deny that diversity exists, because they are residents of the State of West Virginia and the defendant is a resident of the Commonwealth of Pennsylvania. Rather, the plaintiffs assert that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in excess of $75,000.00, exclusive of interest and costs. This Court agrees.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, rests with the party seeking removal. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). This Court has

3

consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy.  This burden of proof requires the defendant to produce evidence that establishes that the actual amount in controversy exceeds $75,000.00.  See DeAguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995), cert. denied, 516 U.S. 865 (1995).  When no specific amount of damages is set forth in the complaint, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum.  Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994).

In this case, the plaintiffs' complaint does not set forth a total monetary sum requested.  The defendant argues that the amount in controversy is met because of the types of injuries alleged by the plaintiffs in their complaint.  Specifically, the plaintiffs allege that Zachary Foster suffered injuries to his head, neck, and back, some of which are permanent in nature.  The plaintiffs also allege that Zachary Foster will suffer future physical pain, mental and emotional anguish, inconvenience, and a diminishment in his capacity to fully function, enjoy life and earn a living. Plaintiff Nicole Ponko alleges that she has and will incur medical bills for the treatment of Zachary Foster's injuries, that she has and will suffer a loss of his household services, and that she has and will sustain lost wages.  Additionally, the defendant argues

that damages for these alleged injuries exceed the jurisdictional amount because Dr. Thomas Romano, Zachary Foster's treating physician, in a letter entitled "Medical Report" estimates that the cost of future treatment for Zachary Foster's myofascial pain syndrome allegedly caused by the motor vehicle accident at issue is between $211,000.00 and $217,000.00.

In support of his argument that the jurisdictional minimum is satisfied, the defendant relies on Evans v. CDX Servs., LLC, 2007 WL 30312 (S.D. W. Va. Jan. 4, 2007). In Evans, the court found that the defendants met their burden of proving that the amount in controversy exceeded $75,000.00, exclusive of interest and costs. In that case, the plaintiff suffered a workplace injury when high pressure equipment struck and broke his leg. The court was persuaded that the plaintiff's claims for "serious bodily injury," "tremendous pain and suffering," "loss of earning capacity," and "loss of ability to enjoy life," when coupled with "additional elements of pain and suffering and future damages" supported a conclusion that the amount in controversy was satisfied. The defendant here argues that the type of damages alleged in this case are the same type of damages before the court in Evans.

Although the damages alleged by the plaintiff in Evans are similar to the damages alleged in this case, such similarity of allegations is not alone sufficient to establish the amount in controversy in this case. Additionally, Dr. Romano's estimate of

5

the cost of future treatment, although relevant, is not determinative of the amount in controversy.

The plaintiffs argue that the settlement posture of this case supports their position that the requisite amount in controversy is not established here. Prior to removal, the defendant made two settlement offers. Both offers, for $11,000.00 and $18,000.00 respectively, were rejected by the plaintiffs. Although settlement offers are not determinative of the amount in controversy, they do count for something. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). The fact that none of the settlement offers made in this case have been in excess of the jurisdictional minimum supports remand.

A defendant seeking removal must supply competent evidence to support his contention that the amount in controversy is exceeded. Here, this Court finds that the defendant has failed to offer sufficient proof that the plaintiffs' claims exceed the jurisdictional threshold. Accordingly, the plaintiffs' motion to remand must be granted.

## V. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia.[1] It

---

[1] Of course, upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable, the defendant may file a second

6

is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED:   November 1, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

notice of removal.  28 U.S.C. § 1446(b).  The case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action.  Id.